J. A. GREEN v. FORSYTH FURNITURE LINES, INC., AND W. A. BLAIR.

(Filed 18 December, 1929.)

**Corporations D d—Endorser of stock in blank may not recover of bona fide purchaser or corporation for fraud of another in procuring his endorsement.**

Where the owner of certificates of stock in a corporation endorses them in blank, and they are purchased by a third person, the purchaser has the right to have the shares he has thus purchased canceled on the books of the corporation and new certificates issued to him, and where it appears that such purchaser paid the reasonable value of the shares at the time, in good faith, without knowledge or notice of fraud in the procurement of the seller's endorsement in blank, it is immaterial whether the corporation issuing the new shares had notice of the fraud, or mistakenly advised the seller that the shares had not been transferred at the time the seller advised the corporation not to transfer them, and the seller may not recover of the corporation for so transferring the shares, or against the purchaser.

APPEAL by defendant, Forsyth Furniture Lines, Inc., from *Cowper, Special Judge,* at April Term, 1929, of MONTGOMERY. Reversed.

Action to compel the defendant corporation to issue to plaintiff its certificate showing that plaintiff is the owner of ten shares of its stock, or in lieu thereof to recover of said defendant damages for the wrongful transfer by said defendant of said shares of stock on its books from plaintiff to the defendant, W. A. Blair, and another.

The defendant, Forsyth Furniture Lines, Inc., is a corporation organized under the laws of this State, with its office in the city of Winston-Salem, N. C. On 29 August, 1922, the said defendant issued to plaintiff its certificate No. 88 for ten shares of its stock showing that plaintiff was the owner of said shares of stock. The said shares of stock were transferable on the books of the corporation, and upon the presentation to it of said certificate No. 88, properly endorsed by the plaintiff, it was the duty of said corporation to transfer said shares of stock to the holder of said certificate.

On 3 May, 1926, at his home in Montgomery County, N. C., plaintiff endorsed his said certificate in blank and delivered same to one Dorsey Brockett; the said Dorsey Brockett procured the delivery of said certificate, properly endorsed by plaintiff, to him, by means of false and fraudulent representations. The said Dorsey Brockett falsely and fraudulently represented to the plaintiff that he was the agent of the defendant corporation, and that said corporation had an offer for the purchase of said shares of stock from plaintiff; that he would remit to plaintiff for the proceeds of the sale of his stock, or would return the

certificate to plaintiff within thirty days. Relying upon these false and fraudulent representations, plaintiff endorsed his certificate in blank, and delivered same to the said Dorsey Brockett.

On 4 May, 1926, the said Dorsey Brockett sold and delivered the said certificate to the defendant, W. A. Blair, at his office in Winston-Salem, N. C. The said W. A. Blair paid to the said Dorsey Brockett for said certificate the sum of $600. This sum was the fair market value of ten shares of the stock of the defendant corporation on said date. At the time of the sale and delivery to him of the said certificate of stock, the said W. A. Blair had no notice of the false and fraudulent representations, by means of which the said Dorsey Brockett had procured the said certificate from plaintiff. Dorsey Brockett has not paid to plaintiff the sum of money received by him from the said W. A. Blair for said certificate, nor has he accounted with plaintiff for said sum of money.

On 5 May, 1926, the said W. A. Blair, as the owner of said certificate for ten shares of its stock, presented the same to the defendant corporation, at its office in Winston-Salem, N. C., and requested said corporation to cancel said certificate, and to issue in lieu thereof two new certificates, each for five shares of its stock, one to him, and one to Mrs. W. A. Blair. In accordance with this request, certificate No. 88, issued to plaintiff, and delivered by him to Dorsey Brockett, properly endorsed by plaintiff, was canceled by the defendant corporation, and thereafter two new certificates, each for five shares of stock, one in the name of W. A. Blair, and one in the name of Mrs. W. A. Blair, were issued by said corporation, and delivered by it to the defendant, W. A. Blair. That said W. A. Blair and Mrs. W. A. Blair are now the holders of said certificates, and by virtue thereof each is the owner of five shares of the stock of the defendant corporation.

In response to issues submitted by the court, the jury found that defendant corporation had notice of the false and fraudulent representations by means of which Dorsey Brockett procured the delivery to him by plaintiff of the certificate in plaintiff's name at or prior to the date of the transfer of said stock by defendant corporation from plaintiff to W. A. Blair and Mrs. W. A. Blair; that prior to the date of such transfer, plaintiff had requested the said defendant corporation not to cancel his certificate, or to transfer his stock on its books to the holder of said certificate, for the reason that said certificate had been obtained from the plaintiff by Dorsey Brockett, by means of false and fraudulent representations; and that said defendant corporation had wrongfully transferred said stock on its books from plaintiff to defendant, W. A. Blair, and Mrs. W. A. Blair.

From judgment on the verdict, ordering and directing the defendant corporation to issue to plaintiff its certificate showing that plaintiff is

the owner of ten shares of its stock, or in lieu thereof, that plaintiff recover of said defendant the sum of six hundred dollars, the fair market value of ten shares of its stock, as found by the jury, the defendant, Forsyth Furniture Lines, Inc., appealed to the Supreme Court.

*Armstrong & Armstrong for plaintiff.*
*Fred S. Hutchins for defendant.*

CONNOR, J. The weight of the evidence offered at the trial of this action by the plaintiff does not, we think, sustain the allegations of the complaint, which are denied in the answer, to the effect that at or prior to the transfer of the stock on its books, the defendant corporation had notice of the false and fraudulent representations by means of which Dorsey Brockett had procured from plaintiff his certificate of stock, properly endorsed by him; that prior to such transfer, plaintiff had requested said corporation not to cancel said certificate or to transfer his stock, upon presentation of said certificate by the holder thereof, for the reason that the same had been obtained from him by means of false and fraudulent representations made to plaintiff by Dorsey Brockett, and that by reason of such notice and such request, the transfer of said stock on its books by the defendant corporation was wrongful. The evidence tends strongly to show that said stock was transferred on its books by the defendant corporation on 5 May, 1926, and that plaintiff did not notify said defendant of the circumstances under which he endorsed his certificate and delivered same to Dorsey Brockett, until 8 June, 1926. On 11 June, 1926, the treasurer of the defendant corporation, in reply to a letter from plaintiff dated 8 June, 1926, advised plaintiff that the stock had not been transferred at the date of his letter. There was evidence tending to show that at the date of his letter to plaintiff, the treasurer did not know that prior to 8 June, 1926, the stock had been transferred by another officer of the corporation. It is immaterial whether or not the treasurer of the corporation was negligent in failing to examine the stock book of the corporation before writing the letter to plaintiff, advising him that the stock had not been transferred, at the date of said letter, for the reason that all the evidence offered by plaintiff shows that the certificate, properly endorsed by plaintiff, had been sold and delivered by Dorsey Brockett to W. A. Blair, an innocent purchaser for value, on 4 May, 1926.

It is said in Cook on Corporations, 8 ed., Vol. 2, sec. 438, that "Shares of stock are the same as other kinds of property, in that a person who has been deprived of his stock by fraud cannot follow the stock and take it from the hands of a bona fide purchaser for value. The remedy of the defrauded person is for damages against the person defrauding him, or

for a retransfer of the stock, if the latter still holds it, together with an injunction against the transfer of the latter. But if the person obtaining the stock by fraud sells it, even in violation of an injunction, the bona fide purchaser for value and without notice, is protected."

The evidence offered by plaintiff tends to show that the defendant, W. A. Blair, was an innocent purchaser of the certificate, properly endorsed by plaintiff, for value; there was no evidence to the contrary. By his purchase of said certificate, although from Dorsey Brockett, who had procured it from plaintiff by fraud, and who therefore had no title to the certificate as against the plaintiff, the said W. A. Blair became the owner of the ten shares of stock, for which the certificate had been issued to plaintiff by the defendant corporation. As such owner, the said W. A. Blair had the right to require the defendant corporation to cancel said certificate, and to issue in lieu thereof new certificates, thus transferring the stock on the books of the corporation. Upon the presentation of said certificate, properly endorsed by plaintiff, to it by the said W. A. Blair, with the request that same be canceled, and that new certificates be issued in lieu thereof, it was the duty of the defendant corporation to comply with said requests, notwithstanding it had notice of the false and fraudulent representations by means of which Dorsey Brockett had procured the certificate from plaintiff, if the said W. A. Blair was an innocent purchaser for value, of said certificate. Defendant corporation cannot be held liable to plaintiff in this action when all the evidence was to the effect that W. A. Blair was an innocent purchaser, for value, of the certificate and therefore the owner of the stock.

Defendants' motion at the close of the evidence for judgment dismissing the action as of nonsuit should have been sustained. The judgment must be

Reversed.